UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED
MAR 27 2006
Michael N. Milby, Clerk of Court

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL NO. C-06-181 |
| | § | |
| EFRAIN MARTINEZ | § | |

## MEMORANDUM OF PLEA AGREEMENT

1. The Defendant knowingly and voluntarily agrees with the United States, through the United States Attorney for the Southern District of Texas, and through the undersigned Assistant United States Attorney, to plead guilty to Count One of the above-numbered Indictment.

2. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and in consideration for the Defendant's plea of guilty and truthful testimony to the Court at the time of the Defendant's re-arraignment and sentencing and for the Defendant's truthful rendition of facts to the United States Probation Department for the preparation of the Defendant's Pre-Sentence Investigation Report, the Government will recommend the Defendant be given maximum credit for acceptance of responsibility, a sentence to a term of imprisonment at the lowest end of the applicable guideline range, and move the Court to dismiss Count Two of the Indictment at the time of sentencing.

3. Furthermore, should the Defendant provide substantial assistance to the Government as outlined in U. S. Sentencing Guidelines, Section 5K1.1 and Title 18, United States Code, Section 3553(e), the Government will recommend to the Court a reduction in the Defendant's sentence and

recommend a sentence commensurate with the value, completeness, and truthfulness of the Defendant's information. This agreement does not obligate the Government Attorney to make a motion for downward departure if in the Government Attorney's evaluation the Defendant had not provided substantial assistance. Substantial assistance is understood by both parties to require good faith during all phases of the cooperation period, to include complete and honest debriefing which assists in the investigation or prosecution of other individuals, and complete and truthful testimony at subsequent trials when needed. In this connection, it is understood the Government's determination of whether the Defendant has cooperated fully and provided substantial cooperation, and the Government's assessment of the value, truthfulness and completeness of the Defendant's cooperation are solely within the judgement and discretion of the Government and shall be binding upon the Defendant. The Defendant agrees and understands that the decision whether to file such a motion rests within the sole discretion of the Government, and that the decision whether to grant such a motion rests solely with the Court.

4. Pursuant to Section 1B1.8 of the Sentencing Guidelines, the Government agrees to recommend to the Court that any information tendered by the Defendant during debriefing sessions with the Government, to the extent that such information was unknown to the Government prior to the debriefings, not be utilized in the calculation of the Defendant's sentencing guideline range.

5. Neither the Government nor any law enforcement officer can or does make any promises or representations as to what sentence will be imposed by the Court.

6. The defendant is aware that the sentence will be determined with reference to the United States Sentencing Commission's *Guidelines Manual* (U.S.S.G.). Defendant acknowledges and agrees that the Court may impose any sentence up to and including five years imprisonment, which

is the maximum term provided for a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(ii), and that the sentence to be imposed is within the sole discretion of the Court in accordance with the Sentencing Reform Act of 1984, Title 18, United States Code, Sections 3553(a)(1) and (2), and Section 3661. If the Court should impose any sentence up to the maximum established by statute, defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

7. The Defendant waives his/her right to appeal both the conviction and the sentence imposed. The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. The defendant may appeal only (a) the sentence imposed above the statutory maximum or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States as set forth in Title 18, United States Code, Section 3742(b). Additionally, the defendant is aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

8. In agreeing to this waiver, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The defendant understands that the sentencing range is advisory only, therefore the Court may impose a sentence that is lower or higher than that range. The United States does not make any promise or representation concerning what sentence the defendant will receive.

9. The United States reserves the right to carry out its responsibilities under guideline sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

(d) to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2.

10. Should it be judged by the Government the Defendant has committed or attempted to commit any additional crimes from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, the Government will be released from its obligations to recommend credit for acceptance of responsibility and/or to move for a reduction in sentence for substantial assistance and is free to argue for any sentence within statutory limits. Such a breach by the Defendant will not release the Defendant from his plea of guilty. The Defendant further understands and agrees the special assessment is due and payable to the U. S. District Clerk's Office immediately following the Defendant's sentencing.

_____     3-27-06
EFRAIN MARTINEZ              Date
Defendant

_____     3-27-04
Attorney for Defendant        Date


CHUCK ROSENBERG
UNITED STATES ATTORNEY

By: _____     3-22-06
JOEL R. GONZALEZ              Date
Assistant United States Attorney

5